# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
Scott L. Poff, Clerk
United States District Court

By casbell at 12:06 pm, Mar 15, 2017

N.H., a minor child by her
natural parents and guardians,
JENNIFER HARRIS and STEPHEN
HARRIS; JENNIFER HARRIS,
individually; and STEPHEN
HARRIS, individually;

    Plaintiffs,

v.

REPUBLIC SERVICES OF GEORGIA,
LIMITED PARTNERSHIP (DELAWARE),
a Delaware Corporation; and
ARCHIE JUROYAL MONDAY;

    Defendants.

CV 215-161

## ORDER

Before the Court are Plaintiffs Jennifer and Stephen Harris' ("Plaintiffs") Motion for Leave to Amend Complaint (Dkt. No. 30), and Defendant Republic Services of Georgia, Limited Partnership (Delaware)'s ("Republic") Motion for Judgment on the Pleadings (Dkt. No. 24). For the reasons stated below, Plaintiffs' Motion for Leave to Amend (Dkt. No. 30) is **GRANTED** and Defendant's Motion for Judgment on the Pleadings (Dkt. No. 24) is **DENIED AS MOOT**.

## FACTUAL BACKGROUND

The following facts are taken solely from Plaintiffs' Complaint. Dkt. No. 1. On August 5, 2014, N.H. (the Plaintiffs' minor child) was riding her bike in St. Simons Island, Georgia. Id. ¶ 9. During this time, N.H. was struck by a waste-disposal truck operated by Archie Monday ("Monday") in the employ of Republic. Id. N.H. suffered catastrophic injuries. Id. ¶ 11. Plaintiffs assert Monday failed to exercise due care operating his vehicle in a residential neighborhood where he should have known children may have been playing. Id. ¶ 15. Plaintiffs now bring an action for negligence against Monday and seek to hold Republic vicariously liable.

## PROCEDURAL HISTORY

Republic filed its Motion for Judgment on the Pleadings regarding Plaintiffs' negligent hiring and retention claim on October 18, 2016. Dkt. No. 24. Specifically, it argues that Plaintiff could not sustain a claim for negligent supervision and retention without asserting punitive damages. Id. A day later, Plaintiffs moved to amend, seeking to add a punitive damages claim to their complaint. Dkt. No. 30. The deadline for amendments concluded on May 16, 2016, pursuant to the Court's scheduling order. Dkt. No. 10. Plaintiffs assert,

however, that they lacked the information necessary to make such a claim until deposing Monday and his supervisors in September 2016. Dkt. No. 45 p. 7.

**DISCUSSION**

I. **Plaintiffs' Motion for Leave to Amend**

The Court first turns to Plaintiffs' Leave to Amend, as granting leave effectively moots Defendant's Motion for Judgment on the Pleadings. As a general rule, leave to amend under Federal Rule of Civil Procedure 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962); Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (per curiam). That said, leave to amend is not automatic, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008); Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 761 (11th Cir. 1995). However, "[u]nless there is a substantial reason to deny leave to amend; the discretion of the district court is not broad enough to permit denial." Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999).

Yet, if a court has entered a scheduling order prescribing a deadline for motions to amend pleadings, a plaintiff seeking leave to amend his complaint after that deadline must demonstrate "good cause." Carter v. Broward Cty. Sheriff's

3

Dep't Med. Dep't, 558 F. App'x. 919, 923 (11th Cir. 2014) (citing S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009)); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In addition, a court need not allow leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." In re Engle Cases, 767 F.3d 1082, 1108-09 (11th Cir. 2014) (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)).

Here, it is undisputed that Plaintiffs filed their Motion for Leave to Amend after the Court's deadline for amended pleadings. Dkt. No. 10. As such, the Court must consider whether or not Plaintiffs have established good cause for doing so. The Plaintiffs assert they did not seek an amendment before the deadline because they could not have known they had a claim for punitive damages until Monday and his supervisors were deposed on September 1, 2016. Dkt. No. 45 pp. 6-8. As such, Plaintiffs assert their failure to amend within the Court's deadline was due to an attempt to ensure the legitimacy of their claim through discovery. Id. Republic, on the other hand, asserts that Plaintiffs should have had the information needed

to amend as early as May 24, 2016, and yet did not amend until October 19, 2016. Dkt. 35 p. 7.

The Court notes that the burden of establishing a punitive claim for negligent supervision is a high one. Plaintiff must allege "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." Durben, 503 S.E.2d at 619 (internal quotation marks omitted) (citing O.C.G.A. § 51-12-5.1(b)). Indeed, Plaintiff may only survive dismissal by alleging "that an employer had actual knowledge of numerous and serious violations on its driver's record, or at the very least, when the employer has flouted a legal duty to check a record showing such violations." Ortiz v. Wiwi, No. 3:11-CV-00033, 2012 WL 4468771, at *3 (M.D. Ga. Sept. 12, 2012) (internal quotation marks omitted) (quoting W. Indus. Inc. v. Poole, 634 S.E.2d 118, 121 (Ga. Ct. App. 2006)). Therefore, with the above standards in mind, the Court must consider when Plaintiffs knew they had a plausible claim for punitive damages regarding their negligent supervision and retention claim.

Plaintiffs obtained evidence of Monday's previous traffic citations on March 24, 2016. Dkt. No. 31-5. Indeed, this documentation contains evidence that Monday received multiple citations while driving his work vehicle and reported those

citations to the company. Id. However, the Court notes that Plaintiff needs to show that Republic had "actual knowledge."

Plaintiffs present good cause for their delayed amendment here. Plaintiffs had no insight regarding whether Monday's supervisors had actual knowledge of these violations, nor did Plaintiffs know if Monday was reprimanded in any way, until September 1, 2016. At deposition, Monday revealed that he had a discussion about one of his traffic citations with a supervisor. Dkt. No. 31-2 p. 134. Furthermore, Monday's supervisors revealed that Monday was not reprimanded for his actions and took no actions afterwards, possibly in violation of corporate policies and federal regulations. Dkt. No. 31-9 pp. 71-73, 75-76, 79, 81; Dkt. No. 31-11 pp. 19, 57-58. After Plaintiffs learned this information, they moved to amend in less than two months, on October 19, 2016. Dkt. No. 30.

Here, Plaintiffs' prudence in alleging punitive damages until they obtained stronger evidence constitutes good cause. As such, the Court will grant Plaintiffs' Leave to Amend. This amendment moots Republic's Motion for Judgment on the Pleadings, as the entire basis for that motion is the absence of an allegation of punitive damages in Plaintiffs' Complaint. Dkt. No. 24. Thus, the Court will grant leave to amend and Republic's Motion for Judgment on the Pleadings will be denied as moot.

## CONCLUSION

For the reasons set forth above, Plaintiffs Jennifer and Stephen Harris' Motion for Leave to Amend Complaint (Dkt. No. 30) is **GRANTED**. As such, Defendant Republic's Motion for Judgment on the Pleadings (Dkt. No. 24) is **DENIED AS MOOT**.

**SO ORDERED**, this 15th day of March, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA